

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-19-2007

# Dimeo v. Max

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3171

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Dimeo v. Max" (2007). *2007 Decisions.* Paper 420.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/420

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3171

ANTHONY DIMEO III,
Appellant

v.

TUCKER MAX,
Appellee

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 06-cv-01544)
District Judge:  Honorable Stewart Dalzell

Submitted Under Third Circuit LAR 34.1(a)
April 20, 2007

Before: MCKEE and AMBRO, Circuit Judges, and MICHEL,[*] Chief Circuit Judge.

(Opinion Filed: September 19, 2007)

OPINION OF THE COURT

_____

[*]  Hon. Paul R. Michel, Chief Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.

MICHEL, Chief Circuit Judge

Anthony DiMeo III appeals (1) the dismissal of his complaint against Tucker Max for allegedly defamatory comments on Max's website and (2) the denial of his motion to amend the complaint. *DiMeo v. Max*, 433 F. Supp. 2d 523 (E.D. Pa. 2006). Because the District Court properly concluded that 47 U.S.C. § 230 barred DiMeo's claim for defamation and did not abuse its discretion in denying DiMeo's motion to amend, we will affirm.

I.

Because the parties are familiar with the factual and procedural history of this case, we only set forth those facts necessary for our discussion. Max is the owner of a website (www.tuckermax.com) that allows users to write comments on various topics on message boards. DiMeo sued Max for defamation for publishing on the website allegedly disparaging statements about DiMeo stemming from a New Year's Eve party in 2005 that had gone awry (Count I), violation of the Communications Act of 1943 (47 U.S.C. § 223(a)(1)(C)), *i.e.*, a criminal statute (Count II), and punitive damages (Count III).

On April 19, 2006, Max filed a motion to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which DiMeo opposed. At the end of his opposition brief, DiMeo added a one-sentence request for leave to file an amended complaint "to eliminate Count II as stated, without prejudice to incorporate same into Plaintiff's claim of Defamation, as well as Plaintiff's prospective new claims for

2

Intention [sic] Infliction of Emotional Distress and Defendant's Civil Rico violation." Joint App. 188. The District Court granted DiMeo leave to file an additional brief by noon on May 14, 2006, but a few minutes before noon on the due date, DiMeo rested on the briefs already submitted. Thus, DiMeo did not file a memorandum of law in support of his motion to amend or submit a proposed amended complaint. On May 26, 2006, the District Court dismissed the complaint with prejudice and denied DiMeo's motion for leave to amend the complaint. *DiMeo*, 433 F. Supp. 2d at 533. On appeal, DiMeo challenges only the trial court's dismissal of the defamation claim (Count I) and its refusal to grant leave to amend.

II.

We exercise plenary review over the District Court's order granting a Rule 12(b)(6) motion to dismiss. *Weston v. Pennsylvania*, 251 F.3d 420, 425 (3d Cir. 2001); *see also* FED. R. CIV. P. 12(b)(6). Accepting the allegations of the complaint as true and drawing all reasonable factual inferences in favor of the plaintiff, "[w]e will affirm a dismissal only if it appears certain that a plaintiff will be unable to support his claim." *Weston*, 251 F.3d at 425. We agree with the District Court that DiMeo's defamation claim is barred by 47 U.S.C. § 230. Section 230 provides, in relevant part, that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1) (emphases added). "No cause of action may be brought and no liability may

3

be imposed under any State or local law that is inconsistent with this section." 47 U.S.C. § 230(e)(3); *see also Green v. America Online*, 318 F.3d 465, 471 (3d Cir. 2003) (stating that § 230 "'precludes courts from entertaining claims that would place a computer service provider in a publisher's role,' and therefore bars 'lawsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions–such as deciding whether to publish, withdraw, postpone, or alter content.'" (quoting *Zeran v. America Online, Inc.*, 129 F.3d 327, 330 (4th Cir. 1997)).

Max's website is an interactive computer service because it enables computer access by multiple users to a computer server. *See* 47 U.S.C. § 230(f)(2) (defining "interactive computer service" as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or educational institutions"). DiMeo's complaint alleges that Max is a publisher of the comments on the website. However, DiMeo does not allege that Max authored the comments on the website or that he is an information content provider. *See* 47 U.S.C. § 230 (f)(3) (defining "information content provider" as "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service"). As such, the website posts alleged in the complaint must constitute information furnished by third party information content providers. Therefore, the

4

requirements of § 230 immunity are satisfied. In *Green*, we affirmed the dismissal of a complaint against America Online based on § 230 immunity from tort liability stemming from messages posted in chat rooms by unnamed defendants impersonating the plaintiff. 318 F.3d at 469-70. Similarly, we will affirm the dismissal of the complaint against Max based on § 230 immunity from tort liability resulting from messages by third party message posters.

Although DiMeo argues on appeal that Max is in fact an information content provider because he solicited and encouraged members of his message board community to engage in defamatory conduct or was otherwise partially responsible for the conduct, the complaint is devoid of any such allegations. DiMeo also contends that by referencing websites not found in the complaint, the District Court impermissibly converted the motion to dismiss into a motion for summary adjudication without notice, *Rose v. Bartle*, 871 F.2d 331, 342 (3d Cir. 1989). We disagree. In determining that dismissal was proper, the District Court relied solely on § 230 as applied to the allegations in DiMeo's complaint. We see no error in the District Court's ruling.

### III.

We review the District Court's denial of a request for leave to amend a complaint for abuse of discretion. *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000). We discern none here. DiMeo requested leave to file a brief but at the eleventh hour decided not to file one. Instead, DiMeo rested on his one-sentence motion to amend, which sought to

reassert the same defamation claim as in Count I and new claims for intentional infliction of emotional distress and a RICO violation. The District Court concluded that, if added, the defamation and intentional infliction of emotional distress claims would be futile in view of § 230, *see* 47 U.S.C. §§ 230(c)(1), (e)(3), and that the RICO claim would be futile in view of DiMeo's failure to plead that Max committed any of the predicate crimes enumerated in 18 U.S.C. § 1961. We agree with the District Court's reasoning and conclusion with respect to the denial of the motion for leave to amend. Certainly, the denial was not an abuse of discretion.

For the reasons set forth above, we will affirm the District Court's dismissal of the complaint, which was not tainted by the denial of the motion to amend.